UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NIPPON YUSEN KABUSHIKI KAISHA, | § § § | CIVIL ACTION |
| Plaintiff, | § § | CASE NO. _____ |
| v. | § § § | JUDGE |
| RIVERSIDE NAVIGATION LTD., GLORY RIVERSIDE NAVIGATION LTD., ACTIVE DENIZCILIK VE GEMI ISLETMECILIGI A.S., AND ACTIVE SHIPPING & MANAGEMENT PTE LTD., | § § § § § § § | MAGISTRATE IN ADMIRALTY |
| Defendants. | § | |

### PLAINTIFF NIPPON YUSEN KABUSHIKI KAISHA'S MOTION FOR AN ORDER APPOINTING GLOBAL MARITIME SECURITY AS SUBSTITUTE CUSTODIAN

COMES NOW Plaintiff, NIPPON YSEN KABUSHIKI KAISHA (hereinafter "Plaintiff"), by and through undersigned counsel, respectfully requests that Global Maritime Security (hereinafter "Global Maritime"), be named substitute custodian for the United States Marshal in connection with the attachment of the M/T RIVERSIDE (IMO No. 9412464) (hereinafter "the Vessel"), in this action.

As grounds for this motion, Plaintiff states the following:

1. On September 8, 2020, Plaintiff filed a Verified Complaint pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rules B of the Supplemental Admiralty Rules for damages in the amount of USD 2,000,000.00, together with interest, costs, and attorney's fees.

2. The Court ordered the issuance of process of maritime attachment and the United States Marshal attached the Vessel within the Middle District of Louisiana.

3. Maintaining custody of the Vessel by the United States Marshal will require additional monetary deposits to retain custody and the hiring of caretakers experienced in caring for vessels, which will incur substantial expenditures for services usually associated with safekeeping vessels.

4. In order for the Vessel to remain in the hands of a competent person and to save unnecessary expenses, Plaintiff wishes to have Global Maritime Security, located at P.O. Box 1701, Gretna, LA 70054, an experienced substitute custodian approved by the United States Marshal Service throughout the United States, to be appointed as substitute custodian of said Vessel and have the Vessel remain at its current location and/or be properly moored and secured during the pendency of this action.

5. Global Maritime has agreed to assume responsibility for overseeing the care and custody of the Vessel as more fully set forth in the accompanying the Declaration of John Saltzman and will act as substitute custodian of the Vessel if the Court grants this motion.

6. Global Maritime has agreed to act as substitute custodian of the Vessel in lieu of the United States Marshal, and to serve as substitute custodian of the Vessel while it remains in *custodia legis* or until further notice of the Court. Global Maritime has expertise and experience to serve as an acceptable substitute custodian and to provide the care, maintenance, and security of the Vessel. *See* Declaration of John Saltzman, General Manager of Global Maritime Security.

7. While Global Maritime has custody of the Vessel, it will be adequately protected by liability insurance.

8. Should this Court see fit to grant this Motion, Plaintiff and Global Maritime agrees to release the United States, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible from any and all liability and responsibility arising out of the

care and custody of the Vessel, from the time the United States Marshal transfers possession of said Vessel over to said substitute custodian.

9. The Plaintiff and Global Maritime further agrees to hold harmless and indemnify the United States, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible from any and all claims whatsoever arising out of the Global Maritime's possession and keeping of the Vessel.

WHEREFORE, in accordance with the representations set forth herein and in the accompanying declaration, Plaintiff requests this Honorable Court to enter an order appointing Global Maritime Security as the substitute custodian for the M/T RIVERSIDE (IMO 9412464) currently under arrest and attachment in these proceedings, and directing the United States Marshal of this District to surrender the possession and custody of the M/T RIVERSIDE to Global Maritime Security, by and through its authorized representatives and that upon such surrender, the United States Marshal be discharged from his duties and responsibilities for the safekeeping of the Global Maritime Security and held harmless for any and all claims arising out of said substituted possession and safekeeping of the Vessel. Additionally, Plaintiff requests that the Court further Order that the Vessel be allowed to conduct normal cargo operations, both discharging and loading, repair works, and to shift berths, always remaining within this judicial district, but at the risk and expense of the Vessel's interests.

Dated: September 8, 2020
      New Orleans, Louisiana

Respectfully submitted,

/s/ Daphne P. McNutt
Daphne P. McNutt (#20292)
Barry & Co., LLC
612 Gravier Street
New Orleans, LA 70130
dmcnutt@barrylawco.com
Telephone: (504) 525-5553
Facsimile: (504) 505-1909

*Attorneys for Plaintiff Nippon Yusen Kabushiki Kaisha*

*Of Counsel*
CHALOS & CO, P.C.
Briton P. Sparkman
*Pro Hac Vice Application Forthcoming*
*Attorney for Plaintiff*
7210 Tickner Street
Houston, Texas 77055
Telephone: (516) 714-4300
Email: bsparkman@chaloslaw.com