UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NIPPON YUSEN KABUSHIKI KAISHA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 3:20-cv-00588** |
| **RIVERSIDE NAVIGATION, LTD., GLORY RIVERSIDE NAVIGATION LTD., ACTIVE DENIZCILIK VE GEMI ISLETMECILIGI A.S., AND ACTIVE SHIPPING & MANAGEMENT PTE LTD.** | **JUDGE BRIAN A. JACKSON** |
| | **MAGISTRATE SCOTT D. JOHNSON** |

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS VERIFIED COMPLAINT OF INTERVENTION (DOC. 26)**

MAY IT PLEASE THE COURT:

On September 14, 2020, movant/intervening plaintiff, Nassau Maritime Holdings Designated Activity Company ("Nassau Maritime") filed a Motion for Leave of Court to file a Verified Complaint of Intervention (Doc. 19). In a nutshell, plaintiff was seeking to intervene in the attachment of the vessel RIVERSIDE which had been perfected by the lead plaintiff herein Nippon Yusen Kabushiki Kaisha ("NYK"). However, before the Court ruled on this, the attachment of the vessel by NYK was released. Accordingly, Nassau Maritime filed a separate action in this court, *Nassau Maritime Holdings Designated Activity Company v. Riverside Navigation, Ltd., et al,* Civil Action No. 20-0614. Nassau Maritime requested a writ of attachment and the vessel M/V RIVERSIDE was attached.

Defendant Glory Riverside Navigation, Ltd. subsequently filed a Motion to Vacate the Rule B Attachment and to Dismiss the Verified Complaint (Doc. 18) in Civil Action No. 20-0614. After full briefing and oral argument, the Court granted this motion and dismissed Civil

1

Action No. 20-0614, without prejudice, pursuant to a finding that the Court lacked subject matter jurisdiction over the claim.

The claims asserted in the Complaint of Intervention filed in this Civil Action No. 20-0588, involve essentially the same claims as those involved in Civil Action No. 20-0614, and while respectfully disagreeing with the Court's conclusions in Civil Action No. 20-0614, Nassau Maritime certainly assumes that the Court would also conclude that it lacks subject matter jurisdiction over the Complaint of Intervention. Accordingly, in the interest of judicial efficiency, plaintiff-in-intervention Nassau Maritime respectfully requests that the Complaint of Intervention (Doc. 26) be dismissed, without prejudice, pursuant to this Court's previous finding that it lacks jurisdiction over the subject matter of the Complaint of Intervention (See Ruling and Order (Doc. 41) and Final Judgment (Doc. 43) in Civil Action No. 20-0614).

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Kevin J. LaVie*
Kevin J. LaVie (#14125)
Email: kevin.lavie@phelps.com
Magdalini Galitou (#38473)
Email: magdalini.galitou@phelps.com
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130

**ATTORNEYS FOR PLAINTIFF-IN-INTERVENTION, NASSAU MARITIME HOLDINGS DESIGNATED ACTIVITY COMPANY**