UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NIPPON YUSEN KABUSHIKI KAISHA, | § § § | CIVIL ACTION |
| Plaintiff, | § § | CASE NO. 3:20-cv-00588 |
| v. | § § § | DISTRICT JUDGE JACKSON |
| RIVERSIDE NAVIGATION LTD., GLORY RIVERSIDE NAVIGATION LTD., ACTIVE DENIZCILIK VE GEMI ISLETMECILIGI A.S., AND ACTIVE SHIPPING & MANAGEMENT PTE LTD., | § § § § § § § § | IN ADMIRALTY |
| Defendants. | § | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AND/OR CIVIL CONTEMPT OF COURT FOR FAILING TO COMPLY WITH THIS COURT'S DISCOVERY ORDERS

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Nippon Yusen Kabushiki Kaisha, ("Plaintiff" or "NYK"), and submits this Memorandum of Law in Support of its Motion for Sanctions and/or Civil Contempt of Court, pursuant to Fed. R. Civ. Procedure 16(f), 37, and Local Civil Rule 26(d)(1) and 37, for Defendant's continuing failure to respond to requests for production as ordered by the Court. In support of the motion, Plaintiff would respectfully show as follows.

### PRELIMINARY STATEMENT

This Court is familiar with the factual and procedural background of the current jurisdictional discovery issue(s) pending before the Court. At all phases of this litigation, Defendant Glory Riverside Navigation Ltd. ("Glory Riverside") has attempted to control the manner, form, and scope of the discovery that it is willing to produce, repeatedly withholding critical documents and materials which go to the heart of Plaintiff's claims in this case. Now,

1

Glory Riverside has further abused the discovery process by failing, neglecting, and/or refusing to comply with the Court's Order(s) on discovery in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 8, 2021, this Court granted Plaintiff's Motion to Compel in Part, ordering that Glory Riverside was to respond to thirteen (13) of Plaintiff's Requests for Production within twenty-one (21) days of the Order, specifically Requests 2, 18, 31, 33, 34, 45, 46, 55, 57, 62, 89, 90, and 106.[1] (R. Doc. 61, p. 12). The Court further directed that once a revised request for Request for Production 21 was propounded by Plaintiff, Glory Riverside would have twenty-one (21) days to respond to that request. Under the Court's original order, all responsive materials were to be produced on or before December 29, 2021 and the responses to Request 21 would be due on January 5, 2022. R. Doc. 61.

Glory Riverside requested Plaintiff's consent for an extension of time to comply with the Court's Order up to and including January 12, 2022. Plaintiff agreed to a modified extension in light of the holidays and agreed to a deadline for production of all documents by January 5, 2022. Glory Riverside again requested that the time be extended to January 12, 2022. Plaintiff agreed to consent to Glory Riverside's application to the Court for an extension up to and including January 12, 2022, so long as Plaintiff was permitted an extension of time on the supplemental briefing permitted by the Court in the December 8, 2021 Order. Glory Riverside filed the motion for extension of time on January 5, 2022 (R. Doc. 62) and the request was granted on January 7, 2022 (R. Doc. 63).

Glory Riverside made a partial production of documents on January 12, 2022. The only requests for which responsive materials were produced were Requests 2, 18, 21, 89, and 106. No

---

[1] The Court modified the timeframe for items responsive to requests 89 & 90.

2

explanation for the failure to make a complete production was provided.  The production came under cover of email asserting, "We plan to supplement this production as soon as possible with additional documents in response to the remaining requests." Sparkman Decl., at Exhibit 1.  No request for an extension was made to Plaintiff and no motion was filed with the Court seeking an extension of time or modification to the Court's Discovery Order.  Plaintiff promptly followed-up and requested that Glory Riverside explain what has not been produced, why it was not produced, and when the production will be supplemented.  *Id*., at Exhibit 2.   Glory Riverside provided no specifics other than stating that counsel is "expecting to receive additional documents from our client" and that "[w]e will make additional productions as soon as they are received and reviewed." *Id*., at Exhibit 3.  It remains unclear whether the items which were produced were fulsome responses to Requests 2, 18, 21, 89, and 106.  Since that message on January 13, 2022, Glory Riverside has not provided any further production and Defendant is in violation of the Discovery Orders in this case.

## I.     MATERIALS NOT PRODUCED

The documents that have not been produced by Glory Riverside are comprised of several categories which the Defendant should have in its possession if the purchase and sale of the M/V RIVERSIDE was truly an independent transaction by unrelated companies as sworn to in Mr. Umur's January 22, 2021 declaration and the arguments of Defendant in numerous pleadings filed with this Court.  The documents which Glory Riverside has failed to produce relate directly to Plaintiff's allegations of alter-ego and the arguments made in this litigation by the Defendant that the sale of the M/V RIVERSIDE was freely negotiated at arms-length between independent entities.  Yet none of the relevant documents or communications supporting Glory Riverside's conclusory declaration(s) and/or arguments have been produced, despite being compelled by the

Court. Glory Riverside has alleged that it is "diligently searching" for records, a statement which requires a suspension of disbelief, given that the company is less than two (2) years old, and the documents, correspondence, and records which Glory Riverside has failed and/or refused to produce relate directly to the company's acquisition of its USD 28 million-dollar (and sole) asset, the M/V RIVERSIDE.

Specifically, Glory Riverside has failed, neglected, and refused to produce the following critical materials which have been ordered produced by this Court:

- **Request 33** - Produce a copy of any and all correspondence, messages, documents, writings, and/or communications by and between Afra Riverside LLC and Defendant Glory Riverside demonstrating the negotiations for the sale and purchase of the M/V RIVERSIDE in 2020 as referenced in paragraph 15 of Mr. Umur's January 22, 2021 declaration. DE 31-2.

- **Request 34** - Produce a copy of any and all correspondence, messages, documents, writings, and/or communications by and between Afra Riverside LLC and Defendant Glory Riverside to negotiate the cash deposit of $300,000 for the M/V RIVERSIDE, as referenced in paragraph 16 of Mr. Umur's January 22, 2021 declaration. DE 31-2.

- **Request 45** - Produce any and all documents, materials, items, and/or correspondence by and between Nordic Hail Navigation Ltd. and Afra Riverside LLC related to the August 11, 2020 Memorandum of Agreement for the sale and purchase of the M/V RIVERSIDE.

- **Request 46** - Produce a copy of all documents, items, materials, and/or correspondence related to Nordic Hail Navigation Ltd.'s nomination of Defendant Glory Riverside under the MOA dated August 11, 2020 and any negotiations related thereto.

- **Request 55** - Produce any and all documents, materials, items, and/or correspondence exchanged between Afra Riverside LLC, Nordic Hail Navigation Ltd., and/or Defendant Glory Riverside related to the drafts or samples of the Clause 8 documents referred to on page 9 of the MOA dated August 11, 2020.

- **Request 57** - Produce a copy of all written notices sent or received under the MOA dated August 11, 2020.

- **Request 62** - Produce a copy of the documents, materials, items, and correspondence exchanged with Republic of Malta officials as part of the vessel registry application.

4

- **Request 90** - Please produce all correspondence, emails, and/or messages exchanged by and between Defendant Active Denizcilik and the Vessel's Owners for the period of June 2017 to present.

## II.     THE COURT SHOULD IMPOSE SANCTIONS ON GLORY RIVERSIDE

"Federal district courts have the inherent power, as well as the authority expressly granted under the Federal Rules of Civil Procedure, to impose sanctions where warranted." *Reyes v. Julia Place Condos. Homeowners Ass'n*, Civ. A. No. 12-2043, 2016 U.S. Dist. LEXIS 139757, 2016 WL 5871278, at *2 (E.D. La. Oct. 7, 2016). Under Federal Rule of Civil Procedure 37(b)(2)(A), if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders" including,

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see also, Smith & Fuller v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) ("'Fed. R. Civ. P. 37(b) empowers the courts to impose sanctions for failures to obey discovery orders. In addition to a broad range of sanctions, including contempt, Fed.R.Civ.P. 37(b)(2) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order.'" (quoting *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983))).

The Court is also permitted to impose sanctions under Fed. R. Civ. P. 16(f) for failure to "obey a scheduling or pretrial order." In lieu of, or in addition to any such sanction, the Court "shall require the party or the attorney representing the party or both to pay the reasonable expenses

5

incurred because of any noncompliance with [Rule 16] unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust."

Glory Riverside has ignored this Court's Discovery Orders directing the production of responsive materials by January 12, 2022.  It is clear from the Defendant's conduct to date that the Court's Orders (or the Federal Rules of Civil Procedure) are sufficient to alter the course of conduct. It is respectfully submitted that the Court can and should take further action to obtain compliance and ensure that the rights of Plaintiff as a litigant are protected.  Plaintiff respectfully requests that the Court enter sanctions against the Defendant, including, but not limited to, (1) requiring the prompt production of all outstanding material without further delay and without objection; (2) overruling Defendant's objections to depositions direct the corporate deposition of Glory Riverside and of Halim Umur; and (3) reimburse the reasonable costs and attorney's fees that Plaintiff has incurred in connection with this motion.

### III.    THE SANCTIONS REQUESTED ARE JUST

"A district court's Rule 37(b)(2) sanction order generally must meet two standards: '[f]irst, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery.'" *Keybank National Assoc. v. Perkins Rowe Assoc., LLC*, 539 Fed. Appx. 414, 419 (5th Cir. 2013) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)).

Here, it is respectfully submitted that the first sanction is more than appropriate as the Court has already ordered the compulsion of the outstanding documents.  Defendant Glory Riverside has simply refused to comply with the Court's Order, which is a willful thwart of the discovery process.

The specific documents which have not been produced touch on significant factual issues which relate to Plaintiff's alter-ego claims and, as such, the very failure by Defendant to produce such documents, correspondence, and records (when the requests have been pending since April 7, 2021 and compelled since December 7, 2021), cuts against Defendant's arguments that the transaction(s) involving the M/V RIVERSIDE were truly at arms-length.  It is respectfully submitted that an appropriate and just sanction would be to order the production of all outstanding materials without objection. In addition, the Court should overrule the Defendant's objection(s) to producing Mr. Halim Umur in his personal capacity and/or as the corporate representative of Defendant and direct the deposition(s) proceed without requiring further supplemental briefing by Plaintiff, as the absence of these documents forty-two (42) days after they were ordered produced warrants an adverse inference against Defendant and a reasonable sanction of permitting Plaintiff to conduct the requested deposition(s).

These requested sanctions are directly related to the pending issues in jurisdictional discovery pending before the Court and are not seeking to impose the harsher penalties available to the Court under Rule 37, such as striking defenses and/or entering default against Glory Riverside.  *See e.g., Darville v. Turner Indus. Group, LLC*, 2015 U.S. Dist. LEXIS 64097, *15, 2015 WL 2357248, No. 13-625-BAJ (Judge Jackson upheld evidentiary and financial sanctions imposed by the Magistrate Judge finding that they were "directly, narrowly, and appropriately tailored to [Plaintiff's] violations of the discovery order.").

### IV.    THE COURT SHOULD CITE DEFENDANT FOR CIVIL CONTEMPT OF COURT

In addition, a court may hold a party in civil contempt for failing to obey a discovery order. *See, e.g., Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990); *J.D. v. Nagin*, 2009 U.S. Dist. LEXIS 15112,

7

2009 WL 363456, at *5 (E.D. La. 2009); *NASCO, Inc. v. Calcasieu Television & Radio, Inc*., 583 F.Supp. 115, 122 (D.C.La. 1984); *see also* Fed. R. Civ. P 37(b)(2)(A)(vii).  Civil contempt vindicates the rights of aggrieved persons under valid court orders. *See Louisiana Ed. Ass'n v. Richland Parish Sch. Bd*., 421 F.Supp. 973, 975 (W.D. La. 1976).  In such a proceeding, the movant must establish that (1) a court order was in effect; (2) the order required the respondent to take specific action; and (3) the respondent failed to comply with the court's order. *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004). In addition, courts within the Fifth Circuit generally require that the party violated the court's order willfully or in bad faith. *See Nagin*, 2009 U.S. Dist. LEXIS 15112, 2009 WL 363456, at *5.

A party commits contempt by violating a definite and specific order of the court which requires him or her to perform or refrain from performing a particular act or acts with knowledge of the court's order. *Id*.  "A civil contempt sanction is coercive rather than punitive and is intended to force a recalcitrant party to comply with a command of the court." *See Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). Civil contempt can serve two different purposes: (1) it can enforce, through coerciveness, compliance with a court's order; or (2) it can be used to compensate a party who has suffered unnecessary injuries or costs because of the contemptuous conduct. *See Petroleos Mexicanos v. Crawford Enterp., Inc*., 826 F.2d 392, 400 (5th Cir. 1987).

Plaintiff has met its burden to establish the propriety of citing Defendant for civil contempt of this Court.  The Court issued its Discovery Order on December 8, 2021, which required Glory Riverside to comply with production on or before December 29, 2021. (R. Doc. 61).  The deadline was extended to January 12, 2022. (R. Doc. 63).  No further extensions were granted and as of the date of this filing, Defendant has continued to fail to comply with the Discovery Order.  Defendant had notice of the Discovery Order as evidenced by Glory Riverside's application to extend the

8

response deadline to January 12, 2022. However, Defendant has now apparently decided to ignore the Court's Discovery Order. This is contumacious, willful conduct, and courts have held that such conduct warrants, in addition to any sanctions imposed by the Court, a citation for civil contempt and requiring Glory Riverside to compensate Plaintiff for the attorney's fees and costs it ahs incurred in procuring that compliance. *See e.g.*, *Johnson-Richardson v. Tangipahoa Parish School Bd.*, No. 12-0140, 2014 WL 1329943 (E.D. La. April 2, 2014).

## CONCLUSION

**WHEREFORE,** Plaintiff Nippon Yusen Kabushiki Kaisha respectfully requests that this Honorable Court grant Plaintiff's Motion in all respects, and both sanction and cite Defendant Glory Riverside for civil contempt of this Court.

Dated: January 19, 2022
   New Orleans, Louisiana

Respectfully submitted,

Barry & Co., LLC

/s/ Daphne P. McNutt
Daphne P. McNutt (#20292)
612 Gravier Street
New Orleans, LA 70130
dmcnutt@barrylawco.com
Telephone: (504) 525-5553
Facsimile: (504) 505-1909
CHALOS & CO, P.C.

/s/ Briton P. Sparkman
Briton P. Sparkman
*Admitted Pro Hac Vice*
Attorney for Plaintiff
7210 Tickner Street
Houston, Texas 77055
Telephone: (516) 714-4300
Email: bsparkman@chaloslaw.com

*Attorneys for Plaintiff Nippon Yusen Kabushiki Kaisha*

9

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 19, 2022, I arranged for a copy of the foregoing Pleading to be filed through the Court's CM/ECF System giving notice of the filing to counsel for Defendant:

Patrick H. Patrick, T.A. (14297)
Laurence R. DeBuys IV (14202)
Francis A. Courtenay, Jr. (04443)
Stephen E. Mattesky (09046)
PATRICK MILLER LLC
400 Poydras Street, Suite 1680
New Orleans, Louisiana 70130
Telephone: (504) 527-5400
Facsimile: (504) 527-5456
E-mail: ppatrick@patrickmillerlaw.com
*Counsel for Glory Riverside Navigation Ltd.*

                                                                    /s/ Daphne P. McNutt
                                                                       Daphne P. McNutt